Filed 3/5/25  P. v. Parcher CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHARLES FREDERICK PARCHER,<br><br>    Defendant and Appellant. | F088134<br><br>(Super. Ct. No. RF009361A)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**<sup>*</sup>

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Gina C. Teddington, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Franson, Acting P. J., Smith, J. and Fain, J. <sup>†</sup>

†      Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Charles Fredrick Parcher appeals from a judgment after he pled no contest to one count of assault by force likely to produce great bodily injury. Appointed counsel for Parcher filed an opening brief which provides the procedural and factual background of the case but raises no legal challenges to the disposition. Counsel has asked this court to conduct an independent review of the record to determine if there are any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436.) Parcher was advised by counsel and by this court of his right to file a supplemental brief, which he has done. We have undertaken an examination of the record and affirm the judgment.

### STATEMENT OF THE CASE AND FACTS

On January 12, 2024, Parcher was charged with violating one felony count of Penal Code section 245, subdivision (a)(4)[1], when he committed an assault on Benjamin Rae Leonard by means of force likely to produce great bodily injury. Numerous special allegations were alleged: that the crime disclosed a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1))[2]; that Parcher engaged in violent conduct indicating a serious danger to society (rule 4.421(b)(1)); that Parcher's prior convictions were numerous and of increasing seriousness (rule 4.421(b)(2)); that Parcher had served a prior prison term under section 1170, subdivision (h) (rule 4.421(b)(3)); that Parcher was on probation, mandatory supervision, post release community supervision, or parole at the time the crime occurred (rule 4.421(b)(4)); and that Parcher had unsatisfactory performance on probation, mandatory supervision, post-release community supervision, or parole (rule 4.421(b)(5)).

Parcher was charged in counts 2, 3 and 4 with misdemeanor violations of section 273.6, subdivision (a), disobeying three separate domestic relations court orders. All counts were alleged to have occurred on January 5, 2024.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     All further references to the rules are to the California Rules of Court.

2.

On January 12, 2024, Parcher was in custody and entered a plea of not guilty to all counts and denied all allegations. Parcher was ordered to appear on January 18, 2024, for preliminary hearing. The January 18, 2024, date was rescheduled at defense counsel's request to January 25, 2024, in order to "review discovery."

On January 23, 2024, Parcher was in custody and present at the hearing. On that date, Parcher signed several forms to the terms agreed upon: a "AGREEMENT TO APPEAR" (form SUP CRT 1122); a "CONDITIONS OF OWN RECOGNIZANCE RELEASE" (form Sup Crt MI 02); and he signed and initialed a five page "PLEA TERMS" form indicating the charges and allegations he was pleading no contest to.

The January 23, 2024, hearing included three matters pertaining to probation and the four counts addressed above. Counsel for Parcher stated that Parcher was willing to plead no contest to the count 1 felony, admit the rule 4.421(a)(1) factor, with credit for time served at sentencing, "two years felony probation, standard fines and fees, and felony terms with restitution, and a full CPO as to [the victim in count 1]." He would also be pleading no contest to counts 2 through 4, with credit for time served and three years' summary probation. Counsel stated that, in order to facilitate Parcher's no contest plea, "he's requested, and the People have agreed, with the Court's ratification of this offer, to a *Cruz* waiver .…"[3] (Italics added.) Counsel stated that the *Cruz* waiver would consist of Parcher obeying all laws upon his release, return to court on the date given for sentencing, go to probation within five business days to do the presentencing investigation and have the report completed, and abide by the CPO protecting the witness. Counsel stated that, if Parcher did not comply with all five terms, he would not receive the benefit of the bargain and instead would receive four years in state prison. Counsel then went over the proposed agreement on the misdemeanor probation matters.

---

[3] *People v. Cruz* (1988) 44 Cal.3d 1247.

At the conclusion, the trial court asked Parcher "did you get all that?" Parcher responded, stating, "I think I did." When asked further if anything was unclear and whether he would like to discuss it with counsel, Parcher stated he would. Following an off-the record discussion between Parcher and his counsel, Parcher was again asked by the court if he was "clear on what the terms of the agreement are." Parcher responded, "I got it now, your Honor."

The trial court then stated it was going to discuss "two forms" Parcher signed on the "felony matter." The court began with the advisement of rights, waiver and plea form, held it up, and asked Parcher if he had had a chance to go through the form with counsel and whether he initialed and signed the form. Parcher answered "Yes, I did" to both questions. When asked if he understood all of the rights and advisals on the form, Parcher stated that he did. The trial court found that Parcher "knowingly and intelligently and voluntarily waived his rights in this case." Both parties agreed to stipulate to a factual basis for the plea based on the police report.

Parcher was then asked: "It's alleged in Count 1 of the Complaint in Case RF009361A that on or about January 5th, 2024, in the County of Kern, State of California, that the crime of assault by means likely to produce great bodily injury, in violation of Penal Code Section 245 sub (a), sub (4), a felony, was committed, and that you did willfully and unlawfully commit an assault on [the victim], by means of force likely to produce great bodily injury. [¶] To that charge, sir, how do you plead?" Parcher replied, "No contest." When asked, he also admitted that the above crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viscousness, or callousness. Parcher further admitted the misdemeanor offenses charged in counts 2 through 4.

Parcher was then told he would be sentenced on February 22, 2024, and he responded that was "fine." The trial court went over the *Cruz* waiver with Parcher, referenced the *Cruz* waiver document, and Parcher stated he understood and agreed to the

4.

conditions. Parcher was further told that, if he did not "strictly comply with that agreement" he would be "sentenced to the maximum sentence permitted by law, which in this case is four years." The trial court then again asked Parcher if he understood that he would be sentenced to four years in prison if he did not attend the next hearing. Parcher stated that he did.

The court also asked Parcher if he understood that, if he willfully violated one of the terms of the agreement and the maximum sentence was imposed that he could not withdraw his plea. Parcher again said he did. The trial court repeated this admonition, stating that, if Parcher was found to have violated any of the terms agreed to and sentenced to four years, he could not say he wished to change his plea, instead Parcher would be "absolutely stuck with it. Understood?" Parcher stated, "I understand."

On February 22, 2024, Parcher failed to appear at the scheduled hearing, and the trial court issued a bench warrant. On May 28, 2024, a sentencing hearing was held, at which Parcher was present and in custody. The trial court found that Parcher had violated the *Cruz* waiver because of his failure to appear on February 22, 2024, and sentenced Parcher to the maximum term of four years in state prison.

## DISCUSSION

Parcher appealed and, upon his request, this court appointed counsel to represent him. As noted above, counsel filed a brief under the authority of *Wende, supra,* 25 Cal.3d 436, setting forth a statement of the case and no potential arguable issues. Counsel also requested this court to undertake a review of the entire record.

We offered Parcher an opportunity to file a personal supplemental brief, which he has done. In his letter brief, Parcher discusses the facts of the case, claiming that he was the victim, not the aggressor, in the assault that lead to his conviction. Parcher claims the "records" of what happened, "have been rewritten" and both his trial attorney and appellate attorney have been complicit in this "cover[] up" and therefore ineffective.

5.

Parcher also alleges he was under duress and coerced into the plea deal, and "demand[s]" that he be able to take a polygraph test to prove "all of this."[4]

Contrary to Parcher's claims, the record shows that Parcher was adequately represented at trial and on appeal. "The general rule concerning appellate claims of ineffective assistance is that often the alleged deficiency of counsel is not shown by the record on appeal; such cases do not lead to reversal of the judgment on appeal; rather the defendant is relegated to the remedy of habeas corpus, wherein the defendant can bring forth evidence outside the record on appeal." (*People v. Bills* (1995) 38 Cal.App.4th 953, 962; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

---

[4]     Aside from the letter brief, Parcher filed a subsequent belated letter, which we take judicial notice of, in which he is asking for "new counsel," and reiterating the same claims in his letter brief — that he was the victim, not aggressor, in the assault; that records have been altered and trial counsel and appellate counsel were ineffective and covering for each other; that he was coerced into taking the plea; and that he wished to take a polygraph test to prove his innocence.